UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ILLUMINATION DYNAMICS CO., LTD., a foreign company,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC LIGHTING SOLUTIONS L.L.C., and BILL ZHANG, an individual,<br><br>Defendants. | Case No: C 14-0078<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Dkt. 50 |

Plaintiff Illumination Dynamics ("Plaintiff") brings the instant action against Defendant Pacific Lighting Solutions L.L.C. ("Defendant"), alleging that it breached the parties' agreements to pay for goods that Defendant received from Plaintiff. Prior to the reassignment of the action to this Court, the previously assigned judge, Magistrate Judge Joseph Spero ("Magistrate"), granted Plaintiff's application for a Writ of Attachment ("Writ"). Due to defects in the Writ, the Magistrate, upon referral from the Court, considered and granted Plaintiff's request for an additional Writ.

The parties are presently before the Court on Defendant's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 72-2. Def.'s Mot., Dkt. 50. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff is a Taiwanese company that manufactures electronic lighting products. Compl. ¶ 1, Dkt. 1. Defendant is a limited liability company which was organized and has its principal place of business in Washington. Id. ¶ 2. In April 2012, Plaintiff and Defendant entered into an oral agreement pursuant to which Defendant was to act as Plaintiff's importer of its products into the United States. Id. ¶ 6. Specifically, Defendant arranged for the importation of the goods, which were then, in turn, sold to major retailers, such as Menard, Inc. ("Menard"), Orchard Supply Hardware and True Value Company. Id. Within sixty days of the delivery of the goods, the retailers were to pay Defendant, which, in turn, agreed to telex its payment for the goods to Plaintiff. Id. ¶ 7.

In or around April 2013, Defendant allegedly breached the parties' agreement by failing to remit to Plaintiff an outstanding balance of $1,474,879.41, representing the cost of goods manufactured by Plaintiff and imported and sold in the United States by Defendant. Id. ¶ 10. As a result, on April 15, 2013, the parties entered into a written agreement that stipulated, inter alia, that Defendant was to make a down payment of $150,000, id., and to "direct all of the above said retailers to submit all of their payments for the goods purchased to a dedicated post office box located in Fremont, California," id. ¶ 11. According to Plaintiff, in October 2013, Defendant "began to breach this written agreement by having the above said retailers stop directing the payments for goods received to the dedicated post office box, and, instead had the retailers send the payments directly to the Defendant." Id. ¶¶ 14.

### B. PROCEDURAL HISTORY

On January 6, 2014, Plaintiff filed the instant diversity jurisdiction action in this Court alleging four state law claims for: (1) breach of contract; (2) anticipatory breach of contract; (3) money had and received; and (4) fraud. Dkt. 1. At the time of filing, the action was assigned to the Magistrate for all purposes. Dkt. 3.

On January 16, 2014, Plaintiff filed an Ex Parte Application for Writ of Attachment. Dkt. 8.  The Magistrate set a briefing schedule and motion hearing date of January 23, 2014.  Dkt. 10.  Defendant neither filed an opposition to the application nor appeared at the hearing.  Consequently, the Magistrate granted Plaintiff's application. Dkt. 12, 14.  The Magistrate signed the proposed order submitted by Plaintiff which states that, "The Plaintiff has the right to attach the property of Defendant . . . in the amount of $228,457.16."  Dkt. 14 at 2.  The order further provided that "the defendant, or any other person, shall transfer to the levying officer possession of the following property:  Any and all monies from Menard, Inc. which represents its payment for [seven] Purchase Orders . . . ."  Id.

The Magistrate issued a Writ on January 24, 2014.  Dkt. 16.  The Writ, which was prepared by Plaintiff, directed the Sheriff of Eau Claire County, Wisconsin (the county where Menard maintains its corporate office and has its principal place of business) to attach the payments from Menard.  Id.  However, the Writ failed to specify that the levying officer was to retain custody of the attached property pending the entry of judgment in this case or order of the Court.  As a result, Menard sent a check in the amount of $183,504.60 to the Eau Claire County Sheriff's Department with directions to forward the check to this Court.  Id. Ex. 4.  On March 18, 2014, the Clerk of this Court notified Plaintiff that, absent specific instruction from the Court, he was required to return the check for the attached amount to Menard.  Id. Ex. 3.

As a result of the foregoing, on March 25, 2014, Plaintiff filed an Ex Parte Application for Issuance of Additional Writ of Attachment, which the Court referred to the Magistrate for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A).  Dkt. 31, 33.[1]  Defendant filed an opposition to the application on March 26, 2014.  Dkt. 34.  On March 27, 2014, the Magistrate granted Plaintiff's application and ordered the issuance of an additional Writ, which specifies that:  (1) "the Clerk of the Court [is] to retain the above-referenced property and forthwith deposit the money with the Treasurer of the United States or a designated

---

[1] As a result of Defendant's refusal to consent to the jurisdiction of the Magistrate, Dkt. 23, the action was reassigned to this Court on February 20, 2014, Dkt. 23.

depository[.] . . . ." and (2) "the levying officer or Clerk of the Court shall maintain custody of the attached property, pending a judgment in the above reference[d] case or other orders of the court."  Dkt. 35.

On April 14, 2014, Defendant filed the instant Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, which seeks to the reverse the Magistrate's order on the application for an additional Writ.  Dkt. 50.  Defendant argues that the Magistrate exceeded his authority on the ground that a California court has no jurisdiction to issue a writ of attachment to levy property located outside of California.  Alternatively, Defendant asserts that the additional Writ impermissibly transmutes the Clerk of the Court into a levying officer.  Plaintiff responds that Defendant waived its right to challenge either Writ by failing to oppose the original Writ application.  Dkt. 55.

## II.   LEGAL STANDARD

The Court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  Fed. R. Civ. P. 72(a); Civ. L.R. 72-2.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997).  Questions of law are reviewed de novo.  Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

## III.   DISCUSSION

### A.   WAIVER

The threshold question presented is whether Defendant's objection to the Magistrate's additional Writ is properly before the Court.  As noted, the instant motion challenges the additional Writ on two grounds; to wit, the Magistrate exceeded his jurisdiction in attaching out-of-state property and his order impermissibly transmutes the Clerk of the Court into a levying officer.  As to the first contention, Plaintiff contends that Defendant waived any challenge to the scope of the Magistrate's authority by failing to

challenge the first Writ application.  More specifically, Plaintiff argues that under Federal Rule of Civil Procedure 72(a), Defendant had fourteen days to object to the Magistrate's original ruling, and that by failing to do so, it cannot now seek to challenge the additional Writ based on an alleged defect in the original Writ.  This contention lacks merit.

Rule 72(a) provides, in relevant part:

> **(a) Nondispositive Matters.**  When a pretrial matter not dispositive of a party's claim or defense is <u>referred</u> to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. <u>A party may serve and file objections to the order within 14 days after being served with a copy</u>. A party may not assign as error a defect in the order not timely objected to. <u>The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law</u>.

Fed. R. Civ. P. 72(a) (emphasis added).  By its own terms, Rule 72(a) applies where the case has been "referred" to a magistrate judge by a district court.  In that case, a party dissatisfied with the magistrate judge's ruling may file objections, which are then heard by the district judge assigned to the case.  <u>Id.</u>  That situation is not presented here.  At the time the Magistrate issued the first Writ, he was properly assigned to this case for all purposes under the Court's Assignment Plan.  <u>See</u> Gen. Order 44.  Because the Magistrate was then acting as the assigned judge, and not on a referral, there was no district court judge assigned to the case, and ergo, no district court judge to whom objections could have been presented.

Since the Magistrate was properly presiding over the action when he issued the first Writ, Defendant's remedy is governed by Civil Local Rule 7-9, which provides that a party may file a motion for leave to move for reconsideration based on a change in the facts or law, the discovery of new facts or legal authority, or a manifest failure of the court to consider material facts or dispositive legal arguments.  Civ. L.R. 7-9(b).  Unlike Rule 72(a), there is no specific deadline to file a motion for leave to file a motion for reconsideration, except that such motion must be filed "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case . . . ."  <u>Id.</u> 7-9(a).  Since no such judgment has been entered in this case, the Magistrate's original ruling remains

subject to challenge.  For that reason, the Court rejects Plaintiff's contention that Defendant has waived its right to challenge the Magistrate's authority to issue a writ of attachment to attach out-of-state property.  The Court now turns to the merits of Defendant's motion.

### B.    MERITS

Under Federal Rule of Civil Procedure 64, a federal court applies the attachment laws and procedures of the state in which it is located, which, in this case, is California. Under California law, a court may issue an attachment "only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) . . . ."  Cal. Civ. Proc. Code § 483.010.  In issuing a writ of attachment, the court must make the following findings:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
>
> (3) The attachment is not sought for purposes other than the recovery on the claim upon which the attachment is based.
>
> (4) The amount to be secured by the attachment is greater than zero.

Id. § 484.090(a).

"If a writ of attachment is issued, the court may also issue an order directing the defendant to transfer to the levying officer either or both of the following: [¶] (1) Possession of the property to be attached if the property is sought to be attached by taking it into custody. [¶] (2) Possession of documentary evidence of title to property of or a debt owed to the defendant that is sought to be attached.  An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter."  Id. § 482.080(a).  "The Attachment Law statutes are subject to strict construction, and where a court is required to exercise its jurisdiction in a particular manner or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction and void."  Epstein v. Abrams, 57 Cal.App.4th 1159, 1168 (1997).

Under California law, when property under a writ of attachment is levied upon, an attachment lien on the property is created. Cal. Code Civ. Proc. § 488.500. "'Levying officer' means the sheriff or marshal who is directed to execute a writ or order . . . ." Id. §§ 481.140. "A writ of attachment shall be directed to a levying officer in the county in which the property of the defendant described in the writ may be located and to any registered process server." Cal. Civ. Code § 488.020(a). As such, a California court's jurisdiction to compel a levying officer to levy a writ of attachment is generally limited to property located within California. Pac. Decision Sciences Corp. v. Superior Court, 121 Cal. App. 4th 1100, 1107 (2004) ("[A] California court lacks jurisdiction to command a sheriff, marshal, or constable in Florida or New Jersey to levy a California writ of attachment on a New Jersey company or a Florida bank."); accord Paul H. Ashchkar & Co. v. Curtis, 327 F.2d 306, 307-308 (9th Cir. 1963) (holding that a California district court had no authority to issue a writ of attachment on property located in New York).

"The type of property sought to be attached determines its location." Id. In this case, the property at issue is intangible, as it consists of the monies that Menard allegedly owes to Defendant, which, in turn, is owed to Plaintiff. Pac. Decision Sciences, 121 Cal. App. 4th at 1107. In that instance, the location of the debtor or obligor, i.e., Menard, "is considered the location of the intangible property [P]laintiff seeks to reach." Id. Since Menard is located in Eau Claire County, Wisconsin, the attachment order must be directed to the Sheriff or Marshal in that county. Id. However, the Magistrate lacked the authority to issue an order to attach property located in another state. Id. Notably, while Pacific Decision Sciences and Paul H. Ashchkar & Co., are on point, dispositive and discussed at length in Defendant's moving papers, Plaintiff addresses neither case in its opposition. Rather, Plaintiff focuses on the issue of waiver, which, as discussed, is without merit.

Accordingly, the Court concludes that the Magistrate clearly erred in issuing the Writs at issue.[2]

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is GRANTED.

IT IS SO ORDERED.

Dated: August 18, 2014

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] Since it is clear that the Magistrate had no authority to levy property located in another state, the Court need not reach Defendant's alternative argument that the additional Writ impermissibly transmutes the Clerk of the Court into a levying officer.